61 So.2d 451

**PURVIS v. ENNIS et al.**

**4 Div. 631.**

Supreme Court of Alabama.

Nov. 20, 1952.

[1]   257 Ala. 141.

John W. Rish, Dothan, for appellant.

H. K. & J. F. Martin, Dothan, for appellees.

**LIVINGSTON, Chief Justice.**

This is an appeal from a decree of the Circuit Court of Houston County, Alabama, in equity, appointing commissioners to set aside dower to appellant, and ordering other lands sold for division among tenants in common.

One J. L. Ennis died intestate in the year 1930, leaving surviving a widow, Cora Cunningham Ennis, who is now Cora Purvis, and is the appellant here. He left no lineal descendants, but did leave surviving him a brother, Alto L. Ennis, and two sisters, Mrs. Jessie Roebuck and Mrs. Tullie Roebuck, as his only heirs at law.

The bill of complaint in this cause was filed by Alto L. Ennis against Cora Ennis, Mrs. Jessie Roebuck, Mrs. Tullie Roebuck, and one E. M. Grimsley.

In addition to the foregoing facts, the bill, as amended, alleged, in substance, that at the time of his death, J. L. Ennis was seized and possessed of a forty-acre tract of land on which he and his wife, Cora Ennis (now Mrs. Purvis) lived; that he also owned an eighty-acre tract of land which is the subject matter of this suit; that the forty-acre tract was encumbered by two mortgages, and the eighty-acre tract by one mortgage, made by the intestate in 1925 to the Federal Land Bank of New Orleans; that the respondent, E. M. Grimsley, has purchased the Federal Land Bank mortgage on the eighty-acre tract of land and is proceeding with the foreclosure of same; that shortly after J. L. Ennis died, Cora Ennis, his widow, Alto L. Ennis, Mrs. Jessie Roebuck and Mrs. Tullie Roebuck, his only heirs at law, entered into a verbal agreement to the effect that Cora Ennis was to have and retain possession of all of the lands of J. L. Ennis, deceased, together with the rents and profits thereof during her lifetime upon certain conditions. The amended bill setting up this agreement reads as follows:

"Plaintiff further alleges that immediately after the death of said J. L. Ennis, the plaintiff took preliminary steps to have an administrator appointed on the estate of J. L. Ennis, but before said proceedings were filed, Mrs. Cora Ennis, Widow of said J. L. Ennis, approached the plaintiff about his plan to have an administrator appointed. At said time, the indebtedness then existing on the lands involved in this case as well as the indebtedness on the forty acre homestead tract mentioned in the original bill was discussed between them. The plaintiff at said time reminded the said Mrs. Cora Ennis, that the plaintiff and his sisters Mrs. Tullie Roebuck and Mrs. Jessie Roebuck as the heirs at law of J. L. Ennis, deceased, were the owners of said eighty acres of land involved in this suit, as well as the homestead tract referred to, but they were willing for her to have possession as widow as long as she lived, provided she would pay the indebtedness on said lands and keep up the places as her own responsibility. Plaintiff further notified said Mrs. Cora Ennis at said time she could not sell said lands, whereupon she stated to the plaintiff that she knew she could not sell said lands and did not intend to try to sell same because she knew that the plaintiff and his said two sisters would have to sign a deed in order for her to sell said lands. Whereupon, plaintiff desisted in further steps to have an administrator appointed and notified the said Mrs. Cora Ennis that she could continue in possession of said lands as long as she lived, under the conditions stated.

Thereupon, and ever since, said Mrs. Cora Ennis has continued in such possession of the lands involved in this suit, recognizing the title of the plaintiff and his said sisters, complying with the terms of possession stated, collecting the rents, income and profits from said lands, with no notice to the plaintiff or his said sisters that she had defaulted in the payment of said mortgage indebtedness, until the plaintiff and his said sisters became aware of the facts alleged in paragraph four of the original bill of complaint, as to the proceedings by the defendant, E. M. Grimsley, to foreclose said mortgage therein mentioned."

The bill further avers that Cora Ennis sold the forty-acre homestead tract of land.

The bill, as amended, sought to bar the dower rights of the appellant in the eighty-acre tract of land, but prayed, in the alternative, that if the dower rights of the widow in the said eighty acres of land were not barred that such dower be set apart to the widow, and the remainder of said eighty-acre tract be sold for division among the heirs at law of J. L. Ennis, deceased. Complainant also offered to pay the mortgage indebtedness found to be due.

By plea and answer, the appellant, Cora Ennis Purvis, interposed defenses of the statute of limitations, adverse possession, and equitable estoppel. Appellant also denied making the agreement set out in the bill of complaint, and sought, by cross bill, to have exemptions in lieu of homestead, and dower, set apart to her out of the eighty-acre tract, and to have title to the entire eighty-acre tract declared in appellant, or to have a lien established on said land because of payments of the debts of her husband, taxes, and expenditures for improvements.

The cause was submitted for final decree on evidence taken before a commissioner in the court below.

The trial court made and entered the following decree:

"The matter here considered is the bill of plaintiff to sell, for division the land described in said bill, the answers of defendants, Mrs. Tullie Roebuck, and Mrs. Jessie Roebuck, the answer and cross-bill, original and amended, of defendants, Mrs. Cora Cunningham and E. M. Grimsley, answers of cross-defendants to cross-bill, agreement of parties for submission, and testimony as noted by the attorneys of record for plaintiff and defendants, Mrs. Cora Cunningham and E. M. Grimsley; upon consideration of the same, it is the judgment and opinion of the Court that plaintiff is entitled to relief on his bill of complaint and that the defendant is not entitled to relief on her cross-bill; therefore,

"It is ordered, adjudged and decreed by the Court that plaintiff, Alto L. Ennis, and defendants, Mrs. Tullie Roebuck and Mrs. Jessie Roebuck, are the joint owners and tenants in common of the following described real estate:

"E ½ SW ¼, Section 28, Township 2, Range 26, Houston County, Alabama, containing 80 acres, more or less.

"It is further ordered, adjudged and decreed by the Court that Alto Ennis, Mrs. Tullie Roebuck and Mrs. Jessie Roebuck, each, own an undivided one-third interest in the above described real estate, each subject however, to the mortgage held and owned by defendant, E. M. Grimsley, and each subject, also, to the dower rights of defendant, Mrs. Cora Cunningham, as the widow of J. L. Ennis, deceased.

"The court finds from the testimony in this case that the possession of the land involved in this suit by defendant, Mrs. Cora Cunningham, for a period of about 18 years was a permissive possession and could not and did not effect the rights of the joint owners thereof in and to said land.

"The Court also finds from the testimony in this case that the failure of defendant, Mrs. Cora Cunningham, to assert her dower rights in and to said land was caused by the agreement between her and the joint owners thereof

or the understanding between her and the joint owners thereof and did not or does not effect her dower rights in said land.

"The Court is impressed from the testimony in this case that, had not defendant, Mrs. Cora Cunningham, breached the agreement or understanding between herself and the joint owners of said land, in that she, by a scheme or device, procured the defendant, E. M. Grimsley, to acquire the outstanding mortgage to the Federal Land Bank and foreclose the same in order that she might purchase said land at a foreclosure sale of said mortgage, and, thereby, maybe defeat the joint owners of their rights in said real estate or deprive the joint owners of their rights therein, she would not have been molested in the possession of said land as long as she lived.

"It is further ordered, adjudged and decreed by the Court that defendant, Mrs. Cora Cunningham, as the widow of J. L. Ennis, deceased, is entitled to dower in the lands involved in this suit to the extent of one-half thereof for and during her natural life.

"It is further ordered, adjudged and decreed by the Court that J. E. Watford, Marvin Cobb, Chester Godwin, W. T. Underwood and Amos Fuller, be, and they are hereby appointed commissioners to set aside and allot to Mrs. Cora Cunningham, as the widow of J. L. Ennis, deceased, by metes and bounds, a dower in the E ½ of SW ¼, Sec. 28, Tp. 2, Range 26, Houston County, Alabama, owned by the said J. L. Ennis, deceased, at the time of his death, to the extent of one-half of said land, having regard to the improvements and quality of said land as well as to the quantity of the dower.

"It is further ordered by the Court that the Register of this Court be and she is hereby directed to forthwith issue a commission to the aforesaid commissioners directing them to forthwith set aside and allot, by metes and bounds, to Mrs. Cora Cunningham, as

the widow of J. L. Ennis, deceased, a dower in the lands involved in this suit and as hereinabove in this decree set forth, and cause a copy of said commission to be served on each commissioner by the sheriff of Houston County.

"It is further ordered, adjudged and decreed by the Court that aforesaid commissioners are hereby directed to make a written report of their doings under oath and to file the same, the said report, in this court and in this cause, and when said report is filed, the Register is hereby directed to deliver the same to the Court for further orders thereon.

"After the dower as hereinabove ordered has been set aside and alloted to Mrs. Cora Cunningham, it is the judgment and opinion of the Court that the land remaining cannot be equitably divided or partitioned in kind among and between the joint owners and tenants in common thereof, and that said joint owners and tenants in common are entitled to have said lands sold under a decree of this court for division, and the Court so adjudges and decrees.

"All other matters reserved by the Court for decree thereon upon the coming in of the report of the commissioners as hereinabove provided for.

"Done this the 21st day of September, 1950."

From the foregoing decree, Cora Ennis Purvis alone appealed, and appellee, Alto L. Ennis, did not cross assign errors.

█ It is, of course, well understood that on appeal only such questions as are raised by assignment of errors and insisted thereon in brief are presented for review by this Court. Hutchins v. Whatley, 248 Ala. 449, 28 So.2d 191; Crossley v. Davies, 253 Ala. 275, 44 So.2d 439.

█ In the first place, we are convinced from the testimony, as was the trial court, that Cora Ennis Purvis agreed with the heirs at law of her deceased husband to pay the debts of her husband, including the mortgages on both tracts of land, pay

the taxes and keep up the improvements and insurance thereon, and receive therefor the full possession of said lands, including the rents, issue and profits from the same, during her natural life. And further, that Mrs. Purvis breached the agreement in that she purchased the second mortgage on the forty-acre tract, foreclosed the same, purchased the property and later sold it; that she procured respondent Grimsley to purchase the Federal Land Bank mortgage on the eighty-acre tract for the purpose of foreclosure, in order, to quote the language of her attorney, "to give her a title under which she could sell the property."

We feel that it would serve no purpose to set out the evidence, nor to state our reasons supporting the foregoing conclusions, but will proceed to dispose of the assignment of errors.

The first assignment of error that "The Court erred in denying Appellant relief on her cross-bill" is too general under the requirements of Supreme Court Rule 1, Code 1940, Tit. 7, Appendix.

Assignment of error numbered 2 is based on the trial court's denial to appellant of an exemption of $2,000 in lieu of homestead. This assignment is without merit, because J. L. Ennis, deceased, occupied the forty-acre tract as his homestead at the time of his death, and appellant continued to so occupy it for several years after his death. Any homestead rights that appellant may have had would of necessity have been confined to the forty-acre tract. Moreover, if appellant made the agreement with the heirs of her deceased husband concerning the occupancy of all the lands of her deceased husband, and the trial court held that she did, and we concur in that finding, she effectively abandoned, or waived, her homestead rights, except as to her rights under the agreement between the parties.

Assignment of errors numbered 3, 4, and 5 are based on the refusal of the trial court to allow appellant to recover out of the estate of her deceased husband moneys which she paid in discharging the cost of the last illness, death, and burial of her deceased husband; funds advanced by her in the payment of the costs of improvements upon the lands, insurance premiums, and the principal of the mortgage debt in favor of the Federal Land Bank of New Orleans. The answer to these assignment of errors is the agreement by the appellant to pay these debts in consideration of her occupancy of all the lands belonging to the estate of her deceased husband during her lifetime.

Assignment of errors 5, 6 and 7 read as follows:

"5. The court erred by denying Appellant relief on her Pleas numbered 1; 2 and 8, raising the defense of the statute of limitations of 10 years.

"6. The court erred by denying Appellant relief on her Pleas numbered 4; 5 and 6, raising the defense of equitable estoppel.

"7. The court erred by denying Appellant relief on her Pleas numbered 9 and 10, raising the defense of adverse possession."

Here again, the agreement between appellant and the heirs at law of her deceased husband is a complete answer to assignments 5, 6 and 7.

The same reasoning and consideration dispose of assignment of errors numbered 10, 11 and 12.

Assignment of errors numbered 8, 9 and 13 raise the point that the trial court erred in ordering a sale for division of any part of the eighty-acre tract.

We should point out here that the foreclosure of the mortgage on the forty-acre tract and its subsequent sale to a third party is not here involved. This suit involves only the eighty-acre tract.

Under the evidence here, and the agreement of the appellant and the heirs at law of her deceased husband, an equitable life estate, upon conditions, was created in appellant in the lands involved; but the agreement is not susceptible of a construction which would make her estate subject to forfeiture upon the breach of these conditions. Whatever may be the remedy of the heirs at law for the alleged threatened acts of appellant, it is not to declare a forfeiture of her life estate. But the heirs at

180

law may protect their reversionary interest by the exercise of the equity of redemption in the event the appellant does not perform her agreement to pay the mortgage indebtedness. In such a case, we think that appellant should be given a reasonable time within which to reimburse the heirs at law, and failing to do so, the heirs would have the right to enforce against appellant's equitable life estate a lien to obtain a refund to them of the amount which they were required to pay to protect their interests, because she is bound by her contract to pay the same. The principle involved is not unlike that which requires the reversioner to contribute in a case where the life tenant has purchased an outstanding indebtedness on the land which he was not obligated to pay.

The trial court was in error in ordering commissioners to set apart dower in the eighty-acre tract and ordering the balance sold for division.

Reversed and remanded.

FOSTER, SIMPSON, and GOODWYN, JJ., concur.